IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

PANAMA CITY DIVISION
CASE NO.: _____

J.W. MARINER CORPORATION,

    Plaintiff/Petitioner,

vs.

ZURICH AMERICAN
INSURANCE COMPANY,

    Defendant/Respondent.
_____/

## **RESPONDENT, ZURICH AMERICAN INSURANCE COMPANY'S, NOTICE OF REMOVAL**

The Respondent, ZURICH AMERICAN INSURANCE COMPANY ("ZAIC"), a foreign corporation, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and Federal Rule of Civil Procedure 81, hereby files this Notice of Removal requesting that this case be removed to the United States District Court for the Northern District of Florida, Panama City Division. The basis for the removal of this action is as follows:

### I. INTRODUCTION

1. ZAIC is the Defendant/Respondent in a civil action styled as a "*Petition to Compel Appraisal*" (hereinafter the "Petition") brought by

**SEGAL MCCAMBRIDGE SINGER & MAHONEY**  ATTORNEYS AT LAW  •1776 EAST SUNRISE BLVD •FORT LAUDERDALE, FL 33304
TELEPHONE (954) 765-1001          FACSIMILE (954) 765-1005

CASE NO.: _____

Plaintiff/Petitioner, [1] the J.W. MARINER CORPORATION ("J.W. MARINER") and filed on or about April 20, 2020, seeking injunctive and/or declaratory relief and legal fees, in the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida, (Case No. 20000846CA) which is located within the Panama City Division of the United States District Court for the Northern District of Florida. A copy of the Petition is attached hereto and incorporated herein as Exhibit "A."

2. Pursuant to Fla. Stat. § 624.423, the Petitioner served the Petition on Florida's Chief Financial Officer on April 21, 2020, and ZAIC was provided notice of the Petition on April 23, 2020. A copy of the Notice of Service of Process attached hereto and incorporated herein Exhibit "B."

3. ZAIC has not responded to the Petition prior to filing this Notice of Removal and pursuant to Fed. R. Civ. P., Rule 81(c)(2)(C), ZAIC will have seven (7) days after this Notice of Removal is filed to answer the Petitioner's Complaint.

4. With respect to the time period for filing Notices of Removal, 28 U.S.C. § 1446(b) states in pertinent part, that "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ... ".

---

[1] Although the civil action is styled as a Petition (to Compel Appraisal), the parties are referenced as "Plaintiff" and "Defendant."

5. Pursuant to 28 U.S.C. § 1446(b), thirty (30) days from the date ZAIC was served the Petition is May 25, 2020.

6. Therefore, ZAIC's Notice of Removal is timely filed, as it is filed within thirty (30) days of ZAIC's registered agent's receipt of the Petition.

7. In compliance with the mandates of 28 U.S.C. § 1446, ZAIC attaches hereto a true, accurate, and complete copy of all process, pleadings, and other papers filed in the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida together with a docket sheet from the Clerk of the Court. *See* attached composite Exhibit "C."

## II. NATURE OF THE LAWSUIT

8. J.W. MARINER's Petition alleges that ZAIC is an insurance company that was authorized to conduct business in Florida and that was engaged in the business of insurance in Bay County, Florida. *See* ¶3, Ex. "A."

9. J.W. MARINER's Petition alleges that it has an insurable interest in real property located in Panama City, Florida, which was insured by the Respondent, ZAIC. *See* ¶¶2-4, Ex. "A."

10. J.W. MARINER's Petition alleges that a wind event caused damage to the Petitioner's property which was covered by a policy of insurance issued by the Respondent, ZAIC. *See* ¶4, Ex. "A."

11. J.W. MARINER's Petition also asserts that Respondent has "failed to

pay the full claim amount owed" for the loss and that the Petitioner has requested to resolve the alleged differences via a contractual appraisal provision and that Respondent ZAIC "has refused to participate in the appraisal process….". *See ¶¶*7-9, Ex. "A."

12. J.W. MARINER's one-count Petition to Compel Appraisal alleges that Petitioner has complied with all conditions precedent to invoking the contractual appraisal process in the ZAIC policy and Petitioner seeks relief in the form of a court order requiring ZAIC to name an appraiser and proceed with the contractual appraisal process, as well as awarding Petitioner attorney's fees, costs and prejudgment interest. *See ¶¶*9-11, Ex. "A."

### III.   DIVERSITY JURISDICTION

13. This court has original jurisdiction of this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties.

14. In order to qualify for diversity jurisdiction, there must be complete diversity between the parties, which means no plaintiff may be a citizen of the same state as any defendant. *See Pease* v. *Medtronic, Inc.,* 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998); *see also Licari v. Am. Sec. Ins. Co.*, 8:12-CV-2853-T-33EAJ, 2013 WL 268688, at *1 (M.D. Fla. Jan. 24, 2013) ("Original jurisdiction may be established if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.").

15. Based upon the allegations in the Petition, the Petitioner, J.W. MARINER, maintains an insurable interest in real property located in Bay County, within the State of Florida. *See ¶*2, Ex. "A."

16. The Florida Division of Corporations lists Petitioner, J.W. MARINER, as an active Florida Profit Corporation with a principal address in Panama City, Florida. A copy of the 2019 <u>Florida Profit Corporation Annual Report</u>, filed April 28, 2019 by Petitioner is attached hereto and incorporated herein as Exhibit "D". Thus, Petitioner is deemed a citizen of Florida for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

17. The Respondent, ZAIC, at all times material is and was a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. ZAIC was and is authorized to transact business and has transacted business in Florida. Thus, Respondent is deemed a citizen of New York and/or Illinois for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1). [2]

---

[2] A corporate party is deemed a citizen of the state of its incorporation and the state of its principal place of business. *See* 28 U.S.C. § 1332(c)(1). The principal place of business is either where the substantial predominance of corporate activity occurs or where the majority of executive and administrative operations occur. *Bel-Bel Int'l Corp. v. Cnty. Bank of Homestead*, 162 F.3d 1101, 1106 (11th Cir. 1998); *Jones v. Honeywell Int'l., Inc*., 385 F. Supp. 2d 1268, 1272 (M.D. Fla. 2005). In order to find a more uniform statutory interpretation of the phrase "principal place of business," the U.S. Supreme Court adopted the "nerve center" test. *Hertz Corp v. Friend*, 130 S. Ct. 1181, 1192-93 (U.S. 2010). This is where the corporation's officers

18. Further, pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Florida, Panama City Division, because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in Bay County, Florida. *See ¶*2, Ex. "A."

## IV. AMOUNT IN CONTROVERSY

19. Petitioner asserts that it seeks an unspecified amount of damages <u>greater</u> than Thirty Thousand One Dollars ($30,001.00) not including costs, attorney's fees and prejudgment interest. *See ¶*1, Ex. "A."

20. Although J.W. MARINER's Petition does not plead a demand for damages in an amount certain, where a plaintiff pleads an unspecified amount of damages, a defendant need only establish, by a preponderance of the evidence, that the total amount in controversy more likely than not exceeds the jurisdictional threshold. *See Leslie* v. *Conseco Life Ins. Co.,* 2012 WL 4049965, at *2 (S.D. Fla. 2012) (citing *Williams* v. *Best Buy Co.,* 269 F. 3d 1316, 1319 (11th Cir. 2001)). The sufficiency of the amount in controversy is determined at the time of removal. *Id.* The pertinent question is what is in controversy in the case, not how much the plaintiff is ultimately likely to recover. *Id.* When a case has been removed pursuant to 28 U.S.C. § 1446, the moving party may provide additional evidence to satisfy

---

direct, control, and coordinate the corporation's activities, not simply an office where the corporation holds its board meetings. *Id*. As such, ZAIC (a corporate party) is deemed to be a citizen of New York and/or Illinois where its principal place of business is located.

its burden. *Id.* However, a defendant may satisfy this requirement without additional evidence if it is facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum. *Id.*

21. Although it is ZAIC's contention that it is facially apparent from the face of the Petition that the amount in controversy exceeds the jurisdictional minimum, Defendant has additional evidence demonstrating that the amount in controversy in this case exceeds the sum of $75,000.00.

22. A contractual appraisal provision, such as the one contained in the ZAIC insurance policy sought to be invoked by the Petitioner, is a method to resolve a dispute regarding the dollar amount of a covered loss where the insured has first complied with the policy's post-loss conditions.[3] *See, e.g., Biscayne Cove Condo. Ass'n v. QBE Ins. Corp.*, 971 F. Supp. 2d 1121, 1136 (S.D. Fla. 2013).

23. Prior to having filed the instant Petition to Compel Appraisal, Petitioner's Public Adjuster wrote to ZAIC and provided a valuation of J.W. MARINER's loss in the amount of $5,681,073.57. A copy of the February 5, 2019 correspondence from Strategic Claims Consultants as well as its estimate dated January 7, 2019, is attached hereto as Exhibit "E." *See Mick* v. *De Vilbiss Air Power Co.,* 2010 WL 5140849 (M.D. Fla. 2010) (holding that generally, defendants can use demand letters as evidence that the case meets the court's

---

[3] ZAIC does not agree that appraisal is appropriate in this matter, nor that it is ripe, and will address those substantive matters post-removal.

jurisdictional requirement and is removable, especially when the demand letters are supported by facts).

24.   To date, ZAIC has paid a total of $1,903,144.07 towards the Petitioner's loss, and has disputed the amount of $5,681,073.57 submitted by Strategic Claims Consultants on Petitioner's behalf, demonstrating that the amount in controversy between the parties is significantly greater than the $75,000.00 required to trigger the jurisdiction of this Court.[4]

25.   "In actions seeking declaratory relief or injunctive relief, the amount in controversy is measured by the value of the object of the litigation." *Kinzer v. Safeco Ins. Co. of Am.*, 08-80372-CIV, 2008 WL 11332054, at *2 (S.D. Fla. Nov. 20, 2008) (citing *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997)). In other words, where injunctive relief is being sought the court must consider the "the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted." *Id.* (citing *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002)).

26.   The objective of an action seeking to compel appraisal of a property loss has been construed as an effort to recover monetary damages in the disputed amount of the property repairs, thus satisfying the amount in controversy requirement where such damages are alleged to exceed $75,000.00. *Id.* Here,

---

[4] The total property damage limit within the operative ZAIC policy is $4,494,364.00.

CASE NO.: _____

Petitioner seeks a monetary award via the appraisal process in an amount significantly more than $75,000.00. *See*, *e,g*., Ex. E.

27.     Moreover, Petitioner also seeks recovery of an unknown amount of attorney's fees, costs and interest, which also may be considered by the Court in determining if the jurisdictional amount has been met. *See Leslie v. Conseco Life Ins. Co*., 11-81035-CIV-MARRA, 2012 WL 4049965, at *3 (S.D. Fla. Sept. 13, 2012) (quoting *Morrisson v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("The Eleventh Circuit has held that '[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.").

## V.     NOTICE OF REMOVAL

28.     ZAIC has filed this Notice of Removal within 30 days of being served with this Petition as required under 28 U.S.C. § 1446.

29.     A Copy of this Notice of Removal has been provided to the Plaintiff and is being filed contemporaneously with the Clerk of Court for the Fourteenth Judicial Circuit in and for Bay County, Florida.

30.     ZAIC, by virtue of filing this Notice of Removal, does not waive any defenses or objections available to it under the law with regard to the substantive issues raised in the Petition regarding appraisal.

## VI.     CONCLUSION

CASE NO.: _____

This Notice of Removal complies with the requirements of the Federal Statutes for removal based upon diversity jurisdiction. The Petitioner and Respondent in this matter are diverse in citizenship and the amount in controversy exceeds $75,000.00. Accordingly, based upon this Court's diversity jurisdiction, this action is properly removed from State Court to Federal Court, pursuant to 28 U.S.C. §§1441, *et seq.*

**WHEREFORE**, the Respondent, ZAIC, respectfully requests that the civil action filed by the Petitioner, J.W. MARINER, in the Fourteenth Judicial Circuit in and for Bay County, Florida, be removed to this Court as provided by 28 U.S.C. §1441, *et seq.* and that this Honorable Court accept jurisdiction of this action and provide any and all other relief this Court deems just and appropriate.

Dated this 12th of May, 2020.

Respectfully submitted,

 *s/ Douglas M. McIntosh*
DOUGLAS M. MCINTOSH
Florida Bar No.: 325597
dmcintosh@mscesq.com
DALE S. DOBULER
Florida Bar No.: 93403
ddobuler@mscesq.com
SEGAL McCAMBRIDGE
SINGER & MAHONEY
1776 East Sunrise Blvd.
Fort Lauderdale, FL 33304
Telephone:  954-765-1001
Facsimile:   954-765-1005
*Attorneys for Defendant/Respondent*
*Zurich American Insurance Company*

CASE NO.: _____

## **CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that on the 12th day of May, 2020, we electronically filed the foregoing documents with the Clerk of the Court using CM/ECF. We also certify the foregoing document is being served this day on all counsel or parties of record on the attached Service List in the manner specified, via transmission of Notice of Electronic Filing generated by CM/ECF and electronic mail.

>SEGAL McCAMBRIDGE
>SINGER & MAHONEY, LTD.
>*Attorneys for Defendant/Respondent*
>1776 East Sunrise Blvd.
>Fort Lauderdale, FL 33304
>Telephone:   954-765-1001
>Facsimile:   954-765-1005
>
>By:  *s/ Douglas M. McIntosh*
>   DOUGLAS M. MCINTOSH
>   Florida Bar No: 325597
>   dmcintosh@mscesq.com
>   DALE S. DOBULER
>   Florida Bar No: 93403
>   ddobuler@mscesq.com
>
>   dmmpleadings@mscesq.com
>   *(for email service only)*

**CASE NO.: _____**

## SERVICE LIST

| | |
|---|---|
| **Kelly L. Kubiak, Esquire**<br>kkubiak@merlinlawgroup.com<br>kubiakpleadings@merlinlawgroup.com<br>MERLIN LAW GROUP, P.A.<br>777 South Harbour Island Boulevard<br>Suite 950<br>Tampa, FL  33602<br>Telephone: (813) 229 - 1000<br>Facsimile:  (407) 229 - 3692<br>*(Attorneys for Plaintiff/Petitioner)* | |