# EXHIBIT "A"

## IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
## IN AND FOR BAY COUNTY, FLORIDA
## CIVIL DIVISION

**J.W. MARINER CORPORATION,**

      **Plaintiff,**                    **Case No.**

  **v.**

**ZURICH AMERICAN INSURANCE COMPANY,**

      **Defendant.**

_____/

RECEIVED AS STATUTORY REGISTERED AGENT
on 21 April, 2020 and served on defendant or named party on 23 April, 2020
by the Florida Department of Financial Services

### PETITION TO COMPEL APPRAISAL

Plaintiff, J.W. MARINER CORPORATION ("Plaintiff") by and through the undersigned counsel, files this Petition to Compel Appraisal, Select Umpire and Declaratory Action against Defendant, ZURICH AMERICAN INSURANCE COMPANY ("Defendant") and states the following:

### COUNT I

1. This is an action for damages in excess of Thirty Thousand One Dollars ($30,001.00) exclusive of court costs, prejudgment interest and attorneys' fees.

2. At all times material hereto, Plaintiff had an insurable interest in real property located at 615-637 N Highway 231, Panama City, in Bay County, Florida 32405 (hereinafter the "insured premises").

3. At all times material hereto, Defendant was an insurance company authorized to conduct business in the State of Florida and was engaged in the business of insurance in Bay County, Florida.

4.  On or about March 10, 2018, a wind event which caused physical damages to the insured's premises which are covered under the policy.  See Exhibit A, the policy.

5.  The subject insurance policy was in full force and effect at the time of the loss.

6.  Plaintiff submitted a proof of loss, all documents/information requested that were in its possession, allowed inspections of the property, submitted to an examination under oath and offered that Plaintiff's public adjuster and contractor would be available to discuss any questions Defendant had regarding the claim.

7.  On November 19, 2019, Plaintiff requested to resolve the differences in appraisal. Please see Exhibit B, letter requesting appraisal.

8.  Plaintiff has complied with all conditions precedent to the filing of this action, and/or they have been waived by Defendant.  Defendant has failed to pay the full claim amount owed to Plaintiff.  The subject policy states the following:

**B.  APPRAISAL**

If we and you disagree on the value of the property or the amount of the loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent, disinterested, and impartial appraiser who has no direct or indirect financial interest in the claim. The two appraisers will select an umpire. If they cannot agree, either may request that selection of an umpire be made by a judge of a court having jurisdiction. The appraisers will state separately the value of each item of lost or damaged property as of the date of loss and amount of loss in accordance with the Valuation provisions of the applicable Coverage Form or, if not stated, the **"actual cash value"** and **"replacement cost"**. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

See page 1 of 7, of Exhibit A.

The Defendant has not named its appraiser within the requisite time.

9.  Plaintiff made a written demand for an appraisal, but Defendant has refused to participate in the appraisal process and has failed to timely identify its appraiser.

10.  As a result of Defendant's failure to timely name its appraiser, the Plaintiff was required to retain counsel.

11.      As a result of Defendant's failure to comply with the appraisal procedure set forth in the policy, Plaintiff has been forced to retain the undersigned attorneys and is obligated to pay a reasonable fee for their services.  Plaintiff is entitled to payment from Defendant for attorney's fees pursuant to Section 627.428 of the Florida Statutes, legal assistant fees pursuant to Section 57.104 of the Florida Statutes, and attorney's costs, including expert fees, pursuant to Section 57.041 of the Florida Statutes.

WHEREFORE, Plaintiff, J.W. MARINER CORPORATION, respectfully requests this Honorable Court order Defendant to name its appraiser and that Defendant be required to pay Plaintiff's attorney's fees, costs and prejudgment interest.  Plaintiff demands a trial by jury on all issues so triable.  Plaintiff requests such other relief as this Court deems just and proper.

DATED:  April 20, 2020

MERLIN LAW GROUP, P.A.

*/s/ Kelly L. Kubiak*
KELLY L. KUBIAK, ESQ.
Florida Bar No.: 108952
777 South Harbour Island Boulevard
Suite 950
Tampa, FL  33602
Telephone:  (813) 229-1000
Facsimile:    (813) 229-3692
Attorneys for Plaintiff
kkubiak@merlinlawgroup.com
kubiakpleadings@merlinlawgroup.com
