UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**J.W. MARINER CORPORATION**,

    **Plaintiff**,

v.                                                                                          Case No. 5:20cv143-TKW-MJF

**ZURICH AMERICAN
INSURANCE COMPANY**,

    **Defendant**.

_____/

### ORDER CLOSING FILE AND ESTABLISHING BRIEFING SCHEDULE ON THE ISSUE OF ATTORNEY'S FEES

This case is before the Court based on the parties' status reports (Docs. 86, 87), which reflect a disagreement about the need for further judicial proceedings in this case. Defendant argues that no further proceedings are needed because the operative complaint (Doc. 32) only sought a declaration compelling an appraisal, which has now occurred. Plaintiff appears to agree that no further proceedings are necessary on the merits of this case because it argues that "[t]he only remaining issues are entitlement and determination of attorney fees and taxable costs."

The Court agrees with Defendant that no further proceedings on the merits of this case are needed because Plaintiff has received all of the relief it requested in the

operative complaint—i.e., an order compelling appraisal.¹ Thus, this case can now be closed.

However, the Court also agrees with Plaintiff that the issues of entitlement to attorney's fees and costs still needs to be resolved because the operative complaint includes a claim for attorney's fees. The addition of the fee claim was the subject of previous motion practice that culminated in an Order stating:

> [T]he Court sees no reason why Plaintiff should not be allowed to amend the complaint to assert a claim for attorney's fees in the existing declaratory judgment counts if, as it appears, that was the real purpose of the proposed amendment. Indeed, although the Court will keep an open mind on the issue, the plain language of §627.428 appears to be broad enough to provide award of attorney's fees to an insured who obtains "a judgment or decree" compelling the insurer to comply with the provisions of the policy. Defendant will not be prejudiced by such an amendment because it does not expand the substantive issues in the case and Plaintiff's entitlement (or not) to attorney's fees can be briefed by the parties in their cross-motions for summary judgment.

Doc. 16 at 2 (emphasis in original).

This language was premised on the assumption that this case would be resolved at summary judgment with an order compelling an appraisal, or not. However, it turned out that the appraisal issue could not be resolved one way or the other on summary judgment because there was a factual dispute as to whether a mandatory condition precedent to appraisal had been satisfied or waived. *See* Doc.

---

¹ Plaintiff sought to amend the complaint to assert a breach of contract claim regarding the allegedly insufficient amount paid under the policy, but the Court did not allow the amendment. *See* Docs. 16, 30.

53. Thus, the appraisal was not compelled until the parties reported that they agreed that this dispute was ripe for appraisal. *See* Doc. 71.

The Court is not prepared to say at this point how these subsequent events impact Plaintiff's entitlement (or not) to attorney's fees and costs. However, to properly posture that issue for resolution, Plaintiff needs to file a motion to determine entitlement to attorney's fees under Local Rule 54.1(B) and a bill of costs under Local Rule 54.2.

Accordingly, it is **ORDERED** that:

1. The Clerk shall close the case file. The Court reserves jurisdiction on the issue of attorney's fees and costs.

2. Plaintiff shall have 14 days from the date of this Order to file a motion for attorney's fees under Local Rule 54.1(B).

3. Defendant shall have 14 days after the motion is filed to file a response.

4. The parties' filings shall, at a minimum, address (1) whether attorney's fees are available under §627.428, Fla. Stat., in a declaratory judgment action, and (2) how, if at all, the events culminating in the order compelling appraisal weigh into the Court's determination as to whether Plaintiff is entitled to an award of prevailing party attorney's fees and costs.

5. Costs will be determined in accordance with Local Rule 54.2.

**DONE and ORDERED** this 29th day of August, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**